UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kevin G. Dougherty,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Guild Mortgage Company,<br><br>　　　　　　　　　　Defendant.<br><br>United States of America,<br><br>　　　　　　　　　　Intervenor. | Case No.: 16cv2909-JAH (BLM)<br><br>**ORDER STAYING PROCEEDINGS PENDING NINTH CIRCUIT RULING** |

Presently before the Court are Guild Mortgage Company's ("Defendant" or "Guild") Motions to Dismiss Kevin G. Dougherty's ("Plaintiff" or "Relator") Third Amended Complaint ("TAC") (Doc. No. 27) and United States of America's ("Intervener" or "United States") Complaint in Intervention ("CII") [Doc. No. 20] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. Nos. 33, 34]. At this time, the Court *sua sponte* stays the proceedings pending a ruling on <u>Scott Rose v. Inst.</u>, 2016 WL 6393513 (N.D. Cal. Oct. 28, 2016) by the Ninth Circuit.

1

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In determining whether a stay is appropriate, a Court should consider: "(1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir.2005) (citing CMAX Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962)). In this case, a stay would avoid inconsistent rulings and contribute to the interests of justice and efficiency. Specifically, this Court seeks clarification as to the first question submitted to the Ninth Circuit on interlocutory appeal.[1]

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court exercises its discretion and *sua sponte* stays the proceedings until an opinion on Scott Rose, 2016 WL 6393513 is issued by the Ninth Circuit;
2. The parties are ordered to jointly notify the Court within ten (10) days of the Ninth Circuit's decision.

**IT IS SO ORDERED.**

DATED: March 5, 2018

_____
JOHN A. HOUSTON
United States District Judge

---

[1] "Must the "two conditions" identified by the Supreme Court in Escobar always be satisfied for implied false certification liability under the FCA, or does Ebeid's test for implied false certification remain good law?" Scott Rose v. Inst., 2016 WL 6393513, at *4 (N.D. Cal. Oct. 28, 2016).