UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN G. DOUGHERTY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>GUILD MORTGAGE COMPANY,<br><br>　　　　　　　　Defendant,<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Intervenor. | Case No. 16cv2909-JAH (BLM)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT IN INTERVENTION (Doc. No. 102)** |

## **INTRODUCTION**

Pending before the Court is Intervenor United States of America's ("U.S.") Motion for Leave to file an amended complaint in intervention. See Doc. No. 102. The motion is fully briefed. Defendant Guild Mortgage Company ("Guild") filed a response in opposition. See Doc. No. 103. Plaintiff Kevin G. Dougherty ("Dougherty") does not oppose the motion. After careful review of the pleadings, and for the reasons set forth

1

below, the Court **GRANTS** the U.S.'s motion for leave to file an amended complaint in intervention (Doc. No. 102).

# BACKGROUND

On December 3, 2013, Dougherty filed a complaint against Guild. Id. After filing this initial complaint, the Department of Justice, along with HUD and its Office of Inspector General, commenced an investigation into Guild's origination and underwriting of single family residential mortgages insured by the FHA. Doc. 40 at pg. 11.

On May 18, 2016, the U.S. filed their initial complaint in intervention against Guild, alleging four claims: (1) Violation of the False Claims Act ("FCA") pursuant to 31 U.S.C. § 3279(a)(1)(A); (2) Violation of the FCA pursuant to 31 U.S.C. § 3279(a)(1)(B); (3) Breach of Fiduciary Duty; and (4) Breach of Contract. On November 29, 2016, Guild's motion to transfer venue (Doc. No. 32) was granted, and the case was transferred to the Southern District of California.

On March 5, 2018, this Court issued an order staying this case pending the Ninth Circuit's decision in United States ex rel. Rose v. Stephens Institute, 901 F.3d 1124, 1129-30 (9th Cir. 2018). See Doc. No. 91. The Court issued an order to lift the stay on September 4, 2018. See Doc. No. 95. The Court also issued an order setting a briefing schedule and another order granting the U.S. an extension of time to file, giving the U.S. until October 30, 2018 to file an amended complaint in intervention. See Doc. Nos. 98, 101.

On October 30, 2018, the U.S. filed the Motion for Leave to file an amended complaint. See Doc. No. 102. Guild filed a response in opposition on November 19, 2018. See Doc. No. 103. The U.S. filed a reply to Guild's response on December 4, 2018. See Doc. No. 104.

# LEGAL STANDARD

The filing of an amended complaint or counterclaim after a responsive pleading has been filed may be allowed by leave of court. FED.R.CIV.P. 15(a). Granting leave to amend rests in the sound discretion of the trial court. International Association of Machinists & Aerospace Workers v. Republic Airlines, 761 F.2d 1386, 1390 (9th Cir. 1985). This

2

discretion must be guided by the strong federal policy favoring the disposition of cases on the merits. DCD Programs Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). Because Rule 15(a) favors a liberal policy, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. Genentech, Inc. v. Abbott Laboratories, 127 F.R.D. 529 (N.D. Cal. 1989).

Even though leave to amend is generally granted freely, it is not granted automatically. See Zivkovic v. Southern Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002). Four factors are considered when a court determines whether to allow amendment of a pleading. These are prejudice to the opposing party, undue delay, bad faith, and futility. See DCD Programs, 833 F.2d at 186; see also Foman v. Davis, 371 U.S. 178, 182 (1962). These factors are not equally weighted; the possibility of delay alone, for instance, cannot justify denial of leave to amend. See DCD Programs, 833 F.2d at 186; Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990). The single most important factor is whether prejudice would result to the nonmovant as a consequence of the amendment. William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1053 (9th Cir. 1981).

## **DISCUSSION**

In support of their motion for leave, the U.S. argues that their proposed amendments will not prejudice Guild because the case is still at an early procedural stage. Doc. No. 102-1 at pg. 12. The U.S. points out that no discovery has been conducted, and no pretrial or trial dates have been set. Id. The U.S. contends that their proposed amendments will narrow, not expand, this case. Id. at pg. 13. The U.S. argues they have not acted in bad faith, and granting leave will not unduly delay this action. Id. at pgs. 13-15. The U.S. contends that the proposed amendments are not futile. Id. at pgs. 15-16.

In opposition, Guild argues that the U.S.'s proposed amended complaint is futile because the amendments lack changes that would materially alter the U.S.'s claims. Doc. No. 103 at pg. 10. Guild contends that the U.S.'s proposed amended complaint fails to allege material violations of the FCA. Id. at pgs. 15-16. Guild argues that the U.S.'s

3

proposed amendments also does not address controlling law on fraudulent inducement. Id. at pg. 16. Guild asserts the U.S. has unduly delayed this case in filing the proposed amendments. Id. at pgs. 17-20.

The Court finds the amendments are not futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988). The Court finds the U.S. presents a colorable claim against Guild. Further, challenges to the sufficiency of the allegations are more appropriately addressed in a motion to dismiss.

The Court also finds no bad faith or undue delay. The Court lifted the stay on proceedings in September 2018, and pursuant to the Court's briefing schedule (Doc. No. 101), the U.S. filed the motion for leave to amend in October 2018. Further, the Court finds no undue prejudice. The request to amend was filed relatively early in the proceedings. To date, there are no discovery or trial deadlines set.

Accordingly, the U.S.'s motion (Doc. No. 102) is **GRANTED**.

## **CONCLUSION**

Based on the forgoing reasons, **IT IS HEREBY ORDERED** that the U.S.'s Motion for Leave to file an amended complaint in intervention (Doc. No. 102) is **GRANTED**. The U.S. shall file the amended complaint in intervention by **March 4, 2019**.

**IT IS SO ORDERED**.

DATED: February 7, 2019

_____
JOHN A. HOUSTON
United States District Judge