IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* KEVIN G. DOUGHERTY,<br><br>Plaintiff,<br><br>v.<br><br>GUILD MORTGAGE COMPANY,<br><br>Defendant. | Case No.: 16cv2909-JAH(BLM)<br><br>**ORDER APPROVING STIPULATED PRIVILEGE LOG PROTOCOL WITH MODIFICATIONS**<br><br>**[ECF No. 130-1]** |

The Court approves the parties' Stipulated Privilege Log Protocol with modifications as set forth below:

**<u>STIPULATED PRIVILEGE LOG PROTOCOL</u>**

Pursuant to Federal Rules of Civil Procedure ("Rules") 26(b)(5), 29(b) and 34, the United States of America ("United States") and Guild Mortgage Inc. ("Guild")

(collectively, the "Parties" and each a "Party"), stipulate and agree that notwithstanding any federal or local rule, case law, or other potentially-applicable requirement, the following shall be the protocol used by the Parties when a Party asserts that documents otherwise responsive to a written discovery request directed at a Party (a "Request") are not subject to production because such documents are privileged or subject to protection as trial-preparation materials (a "Privilege Claim"):

1. When responding to any Request, any and all Privilege Claims shall be initially asserted in writing in a Party's response to the Request and need only set forth a general assertion, made in good faith, that the Request seeks information that is privileged or subject to the Federal Rules of Civil Procedure as trial-preparation materials. Nothing in this paragraph shall be considered a waiver of a privilege claim over documents or material identified as protected after an initial response is provided.

2. When a Party is required by this Stipulation to prepare and produce a log or listing of information withheld pursuant to a Privilege Claim (a "Privilege Log"), the following shall apply:

    a. Prior to preparing and producing a Privilege Log detailing on a document-by-document basis the information required by Rule 26(b)(5)(A) (a "Document Level Log"), the Party claiming protection may initially provide a detailed written description of the category(ies) of responsive documents withheld pursuant to a Privilege Claim (a "Categorical Log"). It shall be presumptively proper for a Party to utilize a Categorical Log.

b. If a categorical privilege claim is opposed and a Party requests production of a Document Level Log and otherwise intends to move to compel its production, the Parties shall first meet and confer in good faith in an effort to discuss ways to avoid unnecessary logging of individual documents.

c. The process specified herein shall be used by the Parties to minimize the burdens of recording Privilege Claims on Document Level Logs by requiring Document Level Logs only when an opposing Party has a good-faith need for particular documents to be logged on an individual basis. The Parties reserve the right to seek relief from the Court with respect to the need to create a Document Level Log so long as the procedures in Paragraph 2(b) are first attempted, and the parties comply with Judge Major's Chambers Rules governing Discovery Disputes.

d. The Document Level Log shall conform with the requirements of, and contain the information required by, Rule 26(b)(5)(A).

3. A Party need not prepare or produce any Privilege Log with respect to documents that fall within objections to the scope and nature of an opposing Party's Request, not including objections based on privilege or other asserted protections, until such objections are resolved by the Parties or by the Court.

4. A Party need not prepare or produce any Privilege Log with respect to Privilege Claims concerning responsive documents created at any time before July 1, 2007, or after December 31, 2011, unless the opposing Party requests a Privilege Log for

particular documents or specific categories of documents created during the above noted time periods. If such a request is made, the Parties shall adhere to the Privilege Log requirements set forth in Paragraph 2 above. Nothing in this paragraph shall require the Parties to log communications between a Party and its counsel in this matter, which pertain to this litigation.

5.  In lieu of the Privilege Log procedures set forth in Paragraph 2 above, for responsive documents subject to a Privilege Claim that are identified through agreed-upon Electronically Stored Information ("ESI") search protocols for documents created within the time period July 1, 2007, through December 31, 2011 ("ESI Documents"), the Parties shall prepare and produce a Privilege Log as follows for each ESI Document subject to a Privilege Claim (an "ESI Log"):

a.  The Party shall export from available ESI the following metadata fields: Custodian, Author, Page Count, Record Type, From, To, Cc, Bcc, Subject, Doc Date, Date Sent, and File Name.

b.  The Party may redact any privileged information from these metadata fields.

c.  To the extent a Party does not produce the Subject or File Name fields for an ESI Document (because no information is contained in such fields, redactions are made, or other reasons), the Party shall provide a description of the document and its subject matter in the ESI Log.

///

///

Upon receipt of an ESI Log, an opposing Party may request a Document Level Log with respect to particular documents in a good faith effort order to ascertain the merits of a Privilege Claim and consistent with the process outlined in Paragraph 2.

6. A Party shall adhere to the Privilege Log requirements set forth in Paragraph 2 above for any document withheld pursuant to a Privilege Claim and not subject to Paragraphs 3 to 6 above.

7. A Party shall produce a Document Level Log for any document clawed back pursuant to the stipulated protected order within seven days of the clawback request.

8. This Stipulation shall not extend to discovery taken of third-parties, unless and only to the extent the Parties and a third-party agree in writing to use this protocol to govern the assertions of Privilege Claims.

9. This Stipulation shall not govern Privilege Claims made during pretrial depositions taken under Rule 30 or at trial. Such Privilege Claims shall be subject to rules, precedents, and other authorities that typically govern assertions of privilege or protections made in those settings.

///

///

///

///

10. With respect to potential disputes described in the parties' Stipulated Privilege Log Protocol, before any party may file a motion or seek relief from the Court, the parties must comply with Judge Major's Chambers Rules governing Discovery Disputes.

**IT IS SO ORDERED**.

Dated: 11/27/2019

Hon. Barbara L. Major
United States Magistrate Judge