1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

8

9

UNITED STATES OF AMERICA *ex rel.*
KEVIN G. DOUGHERTY,

Case No.: 16cv2909-JAH(BLM)

10

11

Plaintiff,

**ORDER APPROVING STIPULATED
ESI PROTOCOL WITH
MODIFICATIONS**

12

v.

13

GUILD MORTGAGE COMPANY,

14

Defendant.

**[ECF No. 130-2]**

15

16    The Court approves the parties' Stipulated ESI Protocol with the modifications set

17  forth below.

18  **1.    PURPOSE**

19    This Stipulated Protocol will govern discovery of electronically stored information

20  ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure ("Rules") and

21  any other applicable orders and rules.

22

**2.  COOPERATION**

Plaintiff (including Relator) and Defendant (each a "party" and, collectively, "the parties") are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter.

**3.  PRESERVATION**

The parties agree that preservation of potentially relevant ESI will be reasonable and proportionate and shall be governed by the Rules and applicable case law.

**4.  SEARCHING ESI GENERALLY**

The parties agree that after serving objections and responses to initial Rule 34 requests for the production of documents, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

**5.  CUSTODIAL ESI**

Herein the term "Custodial ESI" refers to ESI maintained by or in files or electronic storage identified as belonging to a particular individual, including but not limited to, email and specific file paths on shared servers assigned to the particular individual.  The parties agree that the Custodial ESI search obligations of each party shall begin with searches of up to 25 custodians.  The parties shall meet and confer regarding the identity of custodians. The parties reserve their rights to seek and object to additional custodians (beyond the initial 25 custodians) being included in Custodial ESI in this action.

///

16cv2909-JAH(BLM)

1  The parties further agree that each party shall provide 14 days' notice before each

2  party begins to review Custodial ESI for responsiveness.  Each party shall conduct its

3  responsiveness review of Custodial ESI based on discovery requests propounded on or

4  before the date it commences its responsiveness review of Custodial ESI.  Discovery

5  requests propounded after such commencement date shall not affect the scope of

6  responsiveness of Custodial ESI.

7  **6.**   **REVIEW PROCESSES**

8  The parties may use technology assisted review and methods of predictive coding

9  (collectively, "TAR") as well as other techniques to reduce and cull non-relevant

10  documents, including, but not limited to, global and custodial email deduplication, removal

11  of non-relevant imbedded images in emails, removal of non-relevant domains, and email

12  threading.

13  Nothing in this Protocol requires the disclosure of counsel's legal impressions

14  concerning the responsiveness or non-responsiveness of a particular document, or a set of

15  documents, and nothing in this Protocol shall be construed as waiver of right to object to

16  disclosure on the basis of any privilege or protection.  Agreement on a search methodology

17  does not relieve a party of its obligations under the Federal Rules to conduct a reasonable

18  search and produce all relevant and responsive documents of which it is aware.

19  **A.**   **Use of TAR.**

20  Nothing in this Protocol shall require that either party obtain the other party's

21  consent to any particular type of search or review method *provided that* should a party

- 3 -

22

propose to use TAR to review documents for responsiveness (i) that party shall notify the other party and provide reasonable information regarding the tool and methodology the party proposes to use, and provide statistical and similar data to allow the other party to validate the process; (ii) that party shall specifically identify the number of documents it plans to use TAR to review and the types of documents, such as excel or scanned documents, it will review without the assistance of TAR.  The producing party may utilize TAR regardless of whether the parties agree to a protocol.  Prior to using TAR for the purpose of identifying or culling the documents to be reviewed or produced, the producing party will notify the opposing party about the tool and methodology it intends to use with ample time for the requesting party to ask questions about the process. This discussion will include, but not be limited to:

     1.     Whether any culling measures are proposed to be taken prior to the application of TAR; and

     2.     The measures taken to validate the TAR process.  The parties agree that one component of the quality control process will be to  review a statistically random sample to validate the computer decision by reviewing documents that the computer decision has determined to be non-responsive ("Null Set").

     If responsive documents are found during the Null Set review, the producing party agrees to: (a) produce the responsive documents in the normal course of document review and production; and (b) recode the documents as responsive to further train the computer and statistically validate the computer decision, unless doing so would be cost prohibitive

- 4 -

1  and/or not substantially improve the output of the computer decision. The parties may also

2  confer on additional means to address issues found in the Null Set, such as whether targeted

3  key word searches would cure any apparent deficiencies.

4          3.      The party employing TAR will notify the requesting party when TAR has

5  reached an acceptable stabilization rate and disclose that stabilization rate as well as other

6  relevant reports to support that assertion. The requesting party may ask for additional

7  reports and information to confirm an acceptable stabilization rate was achieved.

8          **B.     Use of Search Terms.**

9          1.      The parties agree that the use of keyword searches may aid in the search for

10  discoverable ESI and reduce the burden associated with such searches. The parties agree

11  that search terms will most likely be applied to custodial ESI searches and that other forms

12  of ESI may warrant the use of search terms. The parties further recognize that the

13  procedures herein are generally meant to apply to large scale ESI searches and may be

14  inappropriate for narrow searches utilized to find specific ESI in response to a particular

15  document request.

16          2.      Prior to implementing Custodial ESI search terms (or searching for other large

17  scale ESI), the producing party will provide a list of search terms to the requesting party.

18  The parties will meet and confer regarding any additional terms proposed by the requesting

19  party. Whether or not a search term list is agreed upon, the producing party will provide a

20  search term hit list or hit report reflecting the proposed search terms. The list or report

21  should include, to the extent possible, the number of documents that hit on each term, the

- 5 -

22

1  number of unique documents that hit on each term (documents that hit on a particular term

2  and no other term on the list), and the total number of documents that would be returned

3  by using the proposed search term list (including families).

4        3.     The producing party may raise any objections to specific search terms that

5  would otherwise be available under the Rules.

6        4.     If the parties are unable to resolve disputes over search terms through the meet

7  and confer process, the parties may submit the dispute to the Court in compliance with

8  Judge Major's Chambers Rules governing Discovery Disputes. Such disputes shall be

9  submitted to the Court within 14 days of the parties agreeing that they have reached an

10  impasse. If leave of the Court is not requested, the producing party may utilize the terms

11  it proposed.

12  **7.     PRODUCTION FORMATS**

13       The parties agree that attending to issues relating to form of production at the outset

14  of discovery facilitates the efficient and cost effective conduct of discovery. The parties

15  agree to produce documents in single-page TIF format with load files containing specific

16  metadata fields (the parties shall meet and confer on the precise fields of metadata) and

17  OCR *except that* parties shall produce in native file format spreadsheets, data extractions,

18  and other files not reasonably viewable in TIF format which do not contain privileged

19  information. The parties agree not to degrade the searchability of documents as part of the

20  document production process.

21  ///

- 6 -

22

1    A producing party may deduplicate a production vertically (i.e., within individual

2    custodians) or horizontally (i.e., across different custodians), at the family level, provided

3    that horizontal deduplication will necessitate the inclusion of information for custodians

4    for which the documents have been deduplicated (as specified in the technical production

5    specification attached).

6            The parties share a desire to ensure that ESI is produced in an acceptable, searchable

7    format. The parties recognize that certain, limited ESI may not be amenable to the proposed

8    technical specifications. The parties will meet and confer in good faith to reach agreement

9    regarding these issues and the appropriate form of production, and may seek Court

10   intervention if necessary, in compliance with Judge Major's Chambers Rules governing

11   Discovery Disputes.

12           **IT IS SO ORDERED.**

13   Dated:  11/27/2019

14                                                    Hon. Barbara L. Major
                                                     United States Magistrate Judge

16cv2909-JAH(BLM)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

- 1 -

16cv2909-JAH(BLM)