IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA *ex rel.*
KEVIN G. DOUGHERTY,

        Plaintiff,

      v.

GUILD MORTGAGE COMPANY,

        Defendant.

Case No.: 16cv2909-JAH(BLM)

**ORDER APPROVING
STIPULATED PROTECTIVE
ORDER WITH MODIFICATIONS**

Date/Time: Nov. 21, 2019 at 1:30 p.m.
Courtroom: Chambers of Judge Major
Judge:     Hon. Barbara L. Major

**[ECF No. 130-3]**

     The Court approves the parties' Stipulated Protective Order with the modifications set forth below.

*///*

# I. PURPOSES AND LIMITATIONS

1.     Relator Kevin Dougherty ("Relator"), the United States of America (the "Government"), and Defendant Guild Mortgage Company ("Guild") are parties to the above-captioned litigation (the "Action") and recognize that discovery and discovery activity in this Action may involve confidential, proprietary, or private information for which special protection public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Information that may warrant protection from public disclosure includes, but is not limited to: personally identifiable financial information relating to borrowers and/or consumers (such as individuals' Social Security numbers, credit card and bank account numbers) and/or documents or data which may constitute "consumer reports," as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, information relating to confidential or sensitive business matters, trade secrets, or other proprietary or financial information of the parties and non-parties. *See, e.g., Food Marketing Inst. v. Argus Leader Media,* 139 S. Ct. 2356, 2019 U.S. LEXIS 4200 (U.S. June 24, 2019).

2.     Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

3.     The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it

affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and this Order. The parties acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## II. DEFINITIONS

4. <u>Confidential</u>: When used in this Order, the term "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure ("Rule") 26(c), including, but not limited to non-public, confidential, proprietary, or commercially-sensitive information; non-public financial information; personally identifiable financial information relating to borrowers and/or consumers; consumer reports; and documents containing confidential, proprietary, or trade secret knowledge or information, technical research, development information, or information which provides a commercial advantage over competitors.

5. <u>Confidential-TS</u>: When used in this Order, the term "Confidential-TS" means information (regardless of how it is generated, stored or maintained) or tangible things pertaining to Guild that qualify for protection under Rule 26(c), including, but not limited to confidential, proprietary, or trade secret knowledge or

information, technical research, development information, or information which provides Guild a commercial advantage over its competitors.

6.     Confidential-AEO: When used in this Order, the term "Confidential-AEO" means proprietary, confidential, and competitively sensitive information within the meaning of Rule 26(c)(1)(G) in the possession, custody, or control of the United States concerning the methods, procedures, practices, formulas, algorithms, processes, and other techniques employed or utilized by Government authorities to review, approve, deny, track, assess, or otherwise process mortgage lending or insurance-related applications or requests, including, but not limited to, electronic submissions made through a desktop underwriting platform, the TOTAL scorecard, Federal Housing Administration ("FHA") Connection, and other data systems used by the United States Department of Housing and Urban Development ("HUD") in insuring, paying claims on, and seeking remedies concerning FHA single-family mortgage loans.

7.     Protected Material:  any Document, Disclosure, or Discovery Material that is designated as "CONFIDENTIAL" "CONFIDENTIAL-TS" "CONFIDENTIAL-AEO" or otherwise subject to this Order.

8.     Challenging Party:  a party or non-party that challenges the designation of Protected Material under this Order.

///

9. <u>Designating Party</u>: a party or non-party that designates information or items that it produces in disclosures or in responses to discovery as Protected Material.

10. <u>Disclosure or Discovery Material:</u> all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter, including oral testimony.

11. <u>Document</u>. When used in this Order, the term "document" means all writings, drawings, graphs, charts, recordings, computer disks and tapes, electronically stored information, audiotapes, videotapes, and any other documents as defined in Rule 34 of the Federal Rules of Civil Procedure.

12. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a party or its counsel to serve as an expert witness or as a consultant in this Action.

13. <u>Producing Party</u>: a party or non-party that produces Disclosure or Discovery Material in this action.

14. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., electronic discovery hosting, photocopying, videotaping,

translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

15. <u>Receiving Party</u>: a party that receives a Document, Disclosures or Discovery Material from a Producing Party.

## III. SCOPE AND EXCLUSIONS

16. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by the parties or their counsel that might reveal Protected Material.

17. <u>Exclusions</u>. Confidential Information shall not include: (i) any information that is properly in the public domain at the time of disclosure or thereafter comes into the public domain (other than by breach of this Order or any other confidentiality agreement or obligation); or (ii) any information which is disclosed to any party in good faith by a non-party who has the legal right to make such disclosure.

18. <u>Allegations in Pleadings</u>: Allegations in pleadings made prior to this Order being entered do not waive any party's ability to designate a Document, Disclosure, or Discovery Material as Protected Material.

///

19.     Nothing herein shall restrict the presentation of any evidence to the Court at trial or any other hearing in this action; provided that such presentation shall not constitute a waiver of any restriction contained in this Order, and the parties shall take reasonable steps to maintain the confidentiality of Protected, Material at trial or any other hearing in this action in such manner as the Court may direct.

## IV.  DURATION AND TERMINATION

20.     Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

21.     Upon the written request by counsel for the Designating Party who disclosed Protected Material pursuant to this Order, the person who received such Protected Material and all copies made thereof, other than those filed with the Court, shall return such Protected Material to counsel for the party making the request, or such Protected Material may be destroyed by the person who received it, except that

the United States shall have the right to maintain Protected Material as needed for its official file. This obligation extends to all copies of Protected Material in the possession, custody and control of persons set forth above to whom copies (in whole or part) of Protected Material have been disclosed or distributed. Any such destruction shall be confirmed in writing by the person who received such Protected Material to counsel for the party who disclosed such Protected Material. No request for the return or destruction of Protected Material shall be made until after the entry of a final order in this case and after this case is no longer subject to appeal pursuant to the Federal Rules of Appellate Procedure.

## V. PROTECTED MATERIAL

22.     Counsel for any party, or any non-party to whom discovery requests are issued in this matter, may designate Discovery Material as "Confidential" "Confidential-TS" or "Confidential-AEO" if counsel determines, in good faith, that such designation is in accordance with this Order and necessary to protect the interests of the Producing Party. Information and documents may be designated by writing, typing or stamping "CONFIDENTIAL" "CONFIDENTIAL-TS" or "CONFIDENTIAL-AEO" on the face of any materials upon their initial production to the Receiving Party. Alternatively, the Producing Party may designate Discovery Material by written notice to opposing counsel by setting forth a description of all materials to be designated as "CONFIDENTIAL," "CONFIDENTIAL-TS" or

CONFIDENTIAL-AEO" where stamping the respective term is impractical or not possible.

23. Unless otherwise ordered by the Court, or otherwise provided for herein, any Protected Material disclosed in Discovery Materials, Disclosures, Documents, or any other manner, will be held and used by the Receiving Party solely for use in connection with this Action. The Receiving Party shall treat all Protected Material subject to this Order.

24. Protected Material shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity, or judicial tribunal other than:

a. This Court or a court with appellate jurisdiction;

b. Counsel for the parties retained in or working on this Action, including co-counsel and in-house counsel;

c. Agents of such counsel;

d. The parties in this action and their employees, to the extent deemed necessary by counsel for that party for the prosecution, defense, or settlement of this Action;

e. Witnesses or prospective witnesses and their counsel in this Action;

f. Stenographic reporters engaged in such proceedings as are necessarily incident to the preparation or trial of this Action;

g.   Experts, as defined in Section II-12 of this Order;

h.   Professional Vendors, as defined in Section II-14 of this Order;

i.   Any arbitrator, mediator, or case evaluator; and

j.   By order of any Court of competent jurisdiction.

25.   If any Confidential information is filed with the Court, or attached to any papers filed with the Court, or quoted in a pleading filed with the Court, the party filing such material shall either redact the Confidential Material or, if the Confidential material is necessary for context, seek to file it under seal.

26.   If a party seeks to use any Confidential-TS or Confidential-AEO information with the Court, or attached to any papers filed with the Court, or quoted in a pleading filed with the Court, the party shall seek to file such documents, including the portion of any paper that includes or summarizes the content of such documents under seal.  This filing shall be in addition to the public version that shall redact that information that is designated Confidential-TS or Confidential-AEO.

27.   With regard to information described in paragraphs 25 or 26 or any other information a party wants to file under seal, the filing party must comply with the Chambers Rules for the judge who will be handling the motion. If the party is filing the motion before Judge Houston, the parties must comply with Judge Houston's Chambers Rules. If the motion is before Judge Major, the parties must comply with the following: "Before any materials produced in discovery, answers

to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a party must file a 'public' version of any document that it seeks to file under seal. In the public version, the party may redact only that information that is deemed 'Confidential.' The party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request." Honorable Barbara Lynn Major U.S. Magistrate Judge Chambers Rules – Civil Cases, Section VII, subsection A.

28. If Protected Material contained in a Document, Disclosure, or Discovery Material is used during a deposition of a witness in this action, the portion of the record or transcript in which Protected Material is recited or made an exhibit thereto shall be deemed Protected Material under this Order.

29. Counsel for the parties shall note for the record at the time a deposition is being taken, those portions of the testimony being in the record that counsel is designating as "CONFIDENTIAL," "CONFIDENTIAL-TS," or "CONFIDENTIAL-AEO." Counsel for the parties shall have twenty (20) days after receiving the transcript of depositions to designate, on a page and line basis, any other portions of the transcript that were not so marked as "CONFIDENTIAL," "CONFIDENTIAL-TS," or "CONFIDENTIAL-AEO," at the time the deposition was taken; if the deadline to make such designation falls on a weekend or legal holiday, counsel shall have until the following business day to make such designation.

30. <u>Inadvertent Failures to Designate</u>. The inadvertent or unintentional disclosure by any party of Protected Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party that inadvertently disclosed Protected Material notifies the

Receiving Party in writing promptly after discovering the inadvertent or unintentional disclosure. The parties shall make a good faith effort to identify Confidential-AEO or Confidential-TS material pursuant to the parties agreed upon ESI protocol. The failure to designate materials produced pursuant to the ESI protocol as Confidential-AEO or Confidential-TSI shall be deemed inadvertent or unintentional. Good faith disclosure of such Protected Material prior to receipt of such notice shall not be deemed a violation of this Stipulation and Order. However, once a Receiving Party is given notice by the Producing Party of the designated Confidential nature of such undesignated material, the Receiving Party shall make all reasonable efforts to obtain the return of such undesignated material from all parties who received such information, but who are not entitled to access Protected Material under this Stipulation and Order. The Producing Party shall produce new images with corrected stamps for any such undesignated material.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATION

31. <u>Expectations of the Parties</u>. Given the nature of the claims and defenses, the parties expect most material will contain Confidential information. Given the parties' respective interests in protecting Confidential-TS and Confidential-AEO material, the parties expect these materials will be specifically identified before production and only used when necessary. Any production that contains Confidential-TS or Confidential-AEO information will specifically note

such in the production cover letter with a brief explanation for the reason documents are marked Confidential-TS or Confidential-AEO.

32. <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of Protected Material at any time, but the parties must comply with Judge Major's Chambers Rules governing Discovery Disputes before any motion is filed before the court. A party shall act in good faith to promptly challenge a Designating Party's confidentiality designation if necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, but a party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed. It shall be presumptively improper to mark every document as "CONFIDENTIAL-TS" or "CONFIDENTIAL-AEO."

33. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the

Designating Party must explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

34. <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7.1 within 14 days of the inability to resolve the dispute and only if they have complied with Judge Major's Chambers Rules. Each such motion must be accompanied by a certification that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. In addition, after complying with the meet and confer process above and Judge Major's Chambers Rules, the Challenging Party may file a motion challenging a designation of Protected Material at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a certification affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

35. <u>Burden of proof:</u> The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made

for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.

36.     Unless the Designating Party has waived the designation of Protected Material by failing to file a motion to retain it as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## VII. DISCLOSURE

37.     If Protected Material is disclosed to any person other than one entitled to disclosure under this Order counsel for the party responsible for the disclosure shall immediately upon learning of such disclosure inform counsel for the parties of the pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person.    Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Protected Material under the terms of this Order.

38.     Dissemination to any individuals, other than the persons identified in paragraph 24 (a), (b), (c), (d), (f), (g), (h), (i), and (j) shall occur only after such person has signed an Acknowledgment in substantially the following form:  stating that he/she (i) has read this Protective Order; (ii) has discussed it with counsel for

the party who has retained said individual or is making such disclosure or with independent counsel; and (iii) agrees to be bound by this Protective Order. The Acknowledgment shall be signed by the person to whom the Protected Material will be disseminated and a copy of the Acknowledgment shall be maintained by counsel obtaining such signature and making such disclosure.

39. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Protected Material, that party must:

a. promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b. promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c. cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

40. If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information

designated in this action as Protected Material before a determination by the court from which the subpoena or order issued, unless the party has obtained the Designating Party's permission.

41.     Nothing contained in this Protective Order prevents or in any way limits or impairs the right of counsel for the United States to disclose to any agency of the United States any document or information regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction or, subject to procedures that maintain the confidentiality of Confidential Material consistent with this Protective Order, prevent or limit in any way the use of such documents and information by an agency in any proceeding regarding any potential violation of law or regulation or regarding any matter within that agency's jurisdiction.

42.     Nothing herein prevents or in any way limits or impairs the ability of the United States to provide any document or information to the Congress pursuant to a Congressional request; provided, however, that the United States must notify the Congressional entity requesting the documents that the Confidential Material has been produced pursuant to this Protective Order and must (provided that there are no objections interposed by the Congressional entity requesting the documents) use reasonable efforts to notify the Designating Party of the Congressional entity's request and the United States' response thereto.

## VIII.  INADVERTENT PRIVILEGE DISCLOSURE

43.  <u>Inadvertent Production of Privileged Material</u>:  The parties intend that this provision provides all the protections afforded by Federal Rule of Evidence 502 and further imposes the obligations of Federal Rule of Civil Procedure 26(b)(5)(B) on the Receiving Party.

    a.    The inadvertent production or disclosure during discovery of a document or information protected by the attorney-client privilege, attorney work product doctrine, or other privilege ("Privileged Material") shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the Producing Party in this or any subsequent state or federal proceeding.  The parties recognize that a party may produce ESI without an individualized review of every document.  The parties agree that the use of search terms is a reasonable means to identify privileged documents within ESI.  The parties further agree that the failure to claw back a document before an opposing party identifies it, such as in a deposition, motion, or exhibit list, shall not be deemed a waiver.

    b.    Where it is reasonably apparent to the Receiving Party that Privileged Material was inadvertently sent or produced, and the attorney for the Receiving Party knows or reasonably should know that the Privileged

Material is privileged or subject to the work product doctrine, the Receiving Party and its attorneys shall: (a) refrain from examining the Privileged Material any more than is necessary to determine that it is privileged or subject to the work product doctrine, and (b) promptly notify the Producing Party in writing.

c.  Within three (3) business days of receipt of notice by any party that Privileged Material was produced or disclosed, sufficiently identified by Bates number or other method to enable its identification, all recipients of the Privileged Material shall collect all copies or reproductions thereof and either segregate them to protect them from use, or, if requested, return them to the Producing Party and shall delete such material from any medium.

d.  In addition, the recipients shall collect all notes or other work product that summarize, discuss, or quote the contents of such Privileged Material, which shall then be segregated and destroyed.

## IX.  MISCELLANEOUS PROVISIONS

44.  This Order contemplates that the parties shall continue to resolve confidentiality issues by agreement of counsel not inconsistent with this Order.

45.  The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential

Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order. The parties must comply with Judge Major's Chambers Rules before any such motions are brought before the Court. The fact that a party entered into this Order may not be raised as a defense to or argument against any such motion.

**IT IS SO ORDERED.**

Dated: 11/27/2019

Hon. Barbara L. Major
United States Magistrate Judge